IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICK J. SEEBERGER and SUSAN SEEBERGER,
*doing business as* BUILD A STRONG FUTURE,

    Plaintiffs,

v.                                                                               Case No. 2:14-cv-1063-GBW-WPL

PETTER POWERS GOODMAN, et al.,

    Defendants.

### ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISREGARD PLAINTIFFS' AMENDED COMPLAINT

THIS MATTER is before the Court on the Defendants' Joint Motion to Disregard Plaintiffs' Amended Complaint, *doc. 111*, and the parties' attendant briefing, *docs. 112, 114*. This action was removed from state court on November 21, 2014. *Doc. 1.* Plaintiffs filed an Amended Complaint on March 10, 2015. *Doc. 105.* Defendants filed the instant motion on March 17, 2015, requesting that the Court disregard the Amended Complaint. *Doc. 111.* They assert that Plaintiffs are outside the time frame for amending as a matter of course, and did not obtain Defendants' consent or leave from the Court to file an Amended Complaint. *Id.* Having reviewed the Motion and finding it well taken, the Court will grant it.

### A. Plaintiffs' time to amend as of right has expired as to all of the Defendants, except for Defendant Goodman

Because Plaintiffs did not seek leave to file the Amended Complaint, it is properly filed only if it could have been filed as a matter of right. "A party may amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). All Defendants, with the exception of Defendant Goodman, filed Rule 12 motions more than 21 days before Plaintiffs filed their Amended Complaint. *See docs. 13, 16, 32.* Defendant Goodman, however, without filing a responsive pleading, filed a Motion to Dismiss on February 20, 2015. *Doc. 89*. Nineteen days later, on March 20, 2015, Plaintiffs filed their Amended Complaint. *Doc. 105*. Thus, the Amended Complaint was filed within twenty-one days of Defendant Goodman's Motion to Dismiss, which would bring it within the purview of Rule 15(a)(1)(B).

Defendants contend that because Defendant Goodman's Motion to Dismiss "merely adopted the same arguments" as Defendant MediaNews Group's Motion to Dismiss, it relates back to the date the latter was filed. *Doc. 111* at 2. Defendants cite no legal authority to support this position, and the Court is not otherwise convinced that Rule 15 was intended to be read in such a manner. Plaintiffs' assertion that the Rule 15 clock begins ticking only after the completion of Rule 73 consent is, likewise, unsupported and unpersuasive.

Rule 15(a)(1)(B), however, is not explicit about how it applies in a situation involving multiple defendants. Some courts have held that the 21-day period is initiated as to all defendants after the first responsive pleading or Rule 12 motion is filed, irrespective of later responsive pleadings or motions by other defendants. *See, e.g., Trujillo v. City of Newton, Kan.*, No. 12-2380-JAR-DJW, 2013 WL 535747, at *1 (D. Kan. February 12, 2013). Under this approach, Plaintiffs could not file the Amended Complaint without the Court's permission because the first Motion to Dismiss was filed 76 days before the Amended Complaint. *Doc. 111* at 2.

However, the more common approach is that the 21-day timeframe applies to each defendant independently. Under this approach, a plaintiff may not amend as to defendants who had filed more than 21 days before the amended complaint but may do so as to those who had not. *See, e.g., Villery v. District of Columbia*, 277 F.R.D. 218 (D.D.C. 2011); *Jackson v. WCM Mortgage Corp.*, No. 2:12-cv-02914-JPM-cgc, 2013 WL 3967110 (W.D. Tenn. July 31, 2013); *see also Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007); *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983). Even under this more permissive approach, Plaintiffs could not file the Amended Complaint without the Court's permission because the Amended Complaint is not limited to alterations affecting only Defendant Goodman as it also seeks to amend as to Defendants that had filed Rule 12 motions more than 21 days ago.

The Court need not decide which approach is correct since Plaintiffs' ability to amend as of right has expired under either one. As it was improperly filed, the Court will strike the Amended Complaint.

### B. Plaintiffs may still seek to amend

Though precluded from amending under Rule 15(a)(1), Plaintiffs may seek to amend under Rule 15(a)(2).  This rule permits amending a complaint with the opposing parties' written consent, or by leave of the Court, which is to be "freely give[n] [] when justice so requires."  FED. R. CIV. P. 15(a)(2).  The "decision to grant leave to amend a complaint . . . is within the trial court's discretion," *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994),  but "district courts may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" *United States v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs state they would "gladly" file a motion for leave, *doc. 112* at 3, and Defendants "contend that many, if not all, of the amendments in the Amended Complaint are futile and subject to dismissal," *doc. 114* at 2.  In order to permit the court to expeditiously resolve this dispute, Plaintiffs are to file a motion seeking leave to amend under Fed. R. Civ. P. 15(a)(2) no later than April 17, 2015, should they wish to do

so.  Subsequent briefing shall occur in accordance with the local rules.  *See* D.N.M.LR-Civ. 7.4.  Furthermore, since a ruling on a prospective motion to amend would affect Plaintiffs' assertions of default, *docs. 21–23, 103*, and the four pending Motions to Dismiss, *docs. 13, 16, 32, 89*, the Court will refrain from addressing those matters until after such a ruling is made.  *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect.").

IT IS THEREFORE ORDERED that Defendants' Joint Motion to Disregard Plaintiffs' Amended Complaint, *doc. 111*, is GRANTED and Plaintiffs' Amended Complaint, *doc. 105*, shall be STRICKEN from the record.

IT IS FURTHER ORDERED that Plaintiffs shall file a motion for leave to amend the complaint by no later than April 17, 2015.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**