IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICK J. SEEBERGER and SUSAN SEEBERGER,
*doing business as* BUILD A STRONG FUTURE,

    Plaintiffs,

v.                                                          Civ. No. 2:14-cv-1063-GBW-WPL

PETER POWERS GOODMAN, *et al.*,

    Defendants.

## ORDER TO APPEAR AT HEARING TO SHOW CAUSE

THIS MATTER is before the Court on review of the record.  On April 16, 2015, Plaintiffs filed a Motion of [sic] Leave to File Amended Complaint.  *Doc. 117*.  As an exhibit to their Amended Complaint, Plaintiffs filed a copy of Plaintiff Rick Seeberger's EEOC Charge of Discrimination.  *Doc. 118*.  On that form, Plaintiff checked two boxes to indicate that he was asserting discrimination based on (1) "Religion" and (2) "Retaliation."  *Doc. 119*.  The box for "Religion," however, is not checked on what appears to be a copy of the same Charge of Discrimination submitted as an exhibit by the County Defendants.  *Doc. 120*, Ex. A.  Moreover, the Court has obtained a copy of the relevant document directly from the EEOC records custodian and it matches that which was provided by the County Defendants.  Based on the discrepancies between the exhibits, the Court has reason to believe that the EEOC Charge of Discrimination submitted by Plaintiffs was altered prior to its filing in this Court.

Although not dispositive, the presence or absence of a checked box on an EEOC Charge of Discrimination is not without legal effect. *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) ("The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box."). Therefore, the apparent alteration was material to the matters before the Court. By presenting documents to the Court, an unrepresented party certifies that their "factual contentions have evidentiary support." FED. R. CIV. P. 11(b)(3). The Court has the inherent power to sanction parties for litigation activities undertaken in bad faith in order to "maintain[ ] the authority and dignity of the court," *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation and quotation omitted), and may *sua sponte* require a party "to show cause why conduct specifically described in the order has not violated Rule 11(b)." FED. R. CIV. P. 11(b)(5).

In light of the forgoing, the Court will hold a hearing at which Plaintiffs shall show cause why the Court should not find that the copy of Plaintiff Rick Seeberger's EEOC Charge of Discrimination submitted by Plaintiffs at *doc. 119* was fraudulently altered from what was actually filed with the EEOC, and, if so, why the Court should not impose sanctions under Rule 11 or for contempt of court. The hearing will be held on **September 4, 2015 at 1:30 p.m.** in the **Doña Ana Courtroom at the United States Courthouse, 100 North Church Street, Las Cruces, New Mexico.** Both Plaintiffs shall

appear in person[1] and be prepared to present any testimony or other evidence they wish the court to consider on the matter.[2]  Counsel for the County Defendants shall also appear in person and will be permitted to present evidence should they wish to do so. Counsel for remaining Defendants may, but need not, appear.

    IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

---

[1] Of course, Plaintiffs may also appear with counsel should they wish to hire an attorney to represent them in this matter.

[2] The Court anticipates receiving testimony from relevant witnesses from the EEOC in the form of affidavits.  Upon receipt, the affidavits will be filed on the docket.  Moreover, the EEOC witnesses will be available for direct and cross-examination by telephone.