IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICK J. SEEBERGER and SUSAN SEEBERGER,
*doing business as* BUILD A STRONG FUTURE,

    Plaintiffs,

v.                                                                            Case No. 2:14-cv-1063-GBW-WPL

PETTER POWERS GOODMAN, et al.,

    Defendants.

## ORDER TO REDACT AND UNSEAL RECORDS

THIS MATTER is before the Court on Plaintiffs' Response to the Court's Order to Show Cause. *Doc. 131*. The Order required Plaintiffs to show cause as to why the filings they limited to "Case Participants," *docs. 106*, *126 & 127*, and "Applicable Party," *doc. 118*, should not be made public or stricken from the record. *Doc. 129*. The Court's Order noted that the presumption in favor of public access may be overcome only if "countervailing interests heavily outweigh the public interest in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (holding complaint detailing history of family feud and disclosing family member's diagnosis of Alzheimer's disease was not "sufficiently critical to outweigh the strong presumption in favor of public access to judicial records."). The burden is on the party seeking to limit the public's access to court documents. *Id*. As such, Plaintiffs were required to (1) state the degree to which access to a filing should be limited, and (2) specifically identify which private

information in the currently sealed documents justifies keeping the document filed under seal.

### A. EEOC Records

Plaintiffs' Response asserts that the EEOC Intake Questionnaire, *doc. 126*, and EEOC Charge of Discrimination, *docs. 106, 118*, completed by Plaintiff Rick Seeberger contain personal information and should be limited to review by the Court and the parties. To support this assertion, Plaintiffs cite to 42 U.S.C. § 2000e-5(b). *Doc. 131* at 2. Their reliance on this statute, however, is misplaced.

The statute provides for confidentiality during the course of EEOC proceedings, but EEOC regulations explain that disclosure of "a charge [and] information obtained during the investigation of a charge" are prohibited "*prior to the institution of any proceeding under title VII . . .* involving such charge or information." 29 C.F.R. § 1601.22 (emphasis added). This is consistent with the purpose of the provision, which was to avoid "the making available to the general public of unproven charges." *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 879-80 (citing 110 Cong. Rec. 12723 (1964)) (internal quotation marks omitted). Once a lawsuit is filed under Title VII, these concerns are no longer present because court proceedings are public proceedings. *See Branch*, 638 F.2d at 883; *see also E.E.O.C. v. Astra USA, Inc.*, No. CIV. A. 98-40014, 1998 WL 80324, at *5 (D. Mass. Feb. 5, 1998) (entering consent decree imposing requirement to report conduct protected by Title VII wherein "[a]ll such information provided by [the employer] on

any such complaint shall be held in strict confidence by the EEOC . . . unless litigation is subsequently commenced on that complaint."). Indeed, the allegations in Plaintiffs' Complaints are much more detailed than the information contained in the EEOC documents. As such, the public should not be prohibited from examining records that are highly relevant to the Court's exhaustion analysis simply because the records are from the EEOC.

Because Plaintiffs offer no other reasons for keeping the EEOC related documents under seal and because the records do not contain embarrassing or potentially harmful information, Plaintiffs have not met their burden of "articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform [the Court's] decision-making process." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (denying motion to seal appendices in appellate record in Title VII case despite trial courts entry of a protective order protecting the same information); *cf. E.E.O.C. v. Outback Steakhouse*, 251 F.R.D. 603, 613 (D. Colo. June 11, 2008) (permitting filing complaints by employees "either via a motion to seal or with employees' names redacted" where sexual harassment complaints alleging male employee sexually assaulted three female co-workers "may allege events of a sensitive and possibly embarrassing nature.").

### B. Internal County Communications

Plaintiffs also assert that Sealed Exhibit 2, *doc. 127*, should be limited to review by the Court and the parties. The exhibit contains (1) a complaint lodged by Defendant Lerma against Plaintiff Rick Seeberger that attaches emails sent between Mr. Seeberger and various members of the Dona Ana County Sheriff's Office, and (2) a report Plaintiff completed after he had been interviewed regarding the matter that he submitted to an investigator. *Doc. 127* at 1-5, 17-30.

To support keeping the documents sealed, Plaintiffs assert that this information "was provided under the Federal Wistleblower [sic] Act." *Doc. 131* at 3. Confusingly, Plaintiffs' then cite to regulations interpreting the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651—678 (1970). *Doc. 131* at 3-4 (citing 29 C.F.R. 1997.1(d), 1977.5(a)-(b), & 1977.9(a)-(c)).[1] However, "[t]he Whistleblower Protection Act of 1989, by its terms, applies only to *federal* employees." *Negron-Santiago v. San Cristboal Hosp.*, 764 F.Supp.2d 366, 370 (D.P.R. February 16, 2011) (emphasis in original) (citations omitted); *see also Alferos v. Office of Pers. Mgmt.*, 20 F.App'x 872,873 (Fed. Cir. 2001). And Plaintiffs' Complaints do not purport to raise any claims under OSHA. *See generally doc. 1*, Ex. A-1; *doc. 118*. As such, none of the cited legal authority supports keeping these records under seal.

---

[1] The regulations explain that their purpose "is to make available in one place interpretations of the various provisions of section 11(c) of the Act which will guide the Secretary of Labor in the performance of his duties . . ." 29 C.F.R. 1977.2; 29 C.F.R. 1977.1(a) (explaining that the Act refers to the Occupational Safety and Health Act of 1970).

Plaintiffs also assert that releasing this information "would adversely affect their opportunity for employment in the future and could result in reprisals in the future from other parties." *Doc. 131* at 4.  Plaintiffs do not identify prospective employment opportunities nor do they explain how the documents at issue would adversely affect such opportunities.  Moreover, despite being ordered to "specifically identify which private information in the currently sealed documents justifies keeping the document filed under seal," *doc. 129* at 2, Plaintiffs have not directed the Court to any harmful information in this exhibit.  Their conclusory assertions are insufficient to overcome the presumption in favor of public access.  *See Simpson v. Kansas*, 593 F. App'x 790, 799 (10th Cir. 2014) (unpublished) ("The reference to "confidential medical and personal information not otherwise subject to disclosure" is too broad and conclusory to overcome the presumption against sealing.").  As noted above, the filings merely document Defendant Lerma's and Plaintiff Rick Seeberger's workplace disputes, which are also explained in Plaintiffs' Complaints.  The Court will therefore order that these documents be unsealed as well.

### C. Conclusion

Although the Court has found that documents filed under seal, *docs. 106, 126, 118, & 127*, should be unsealed, personal information contained in the EEOC documents, *docs. 106, 118, & 126,* will be redacted in accordance with Rule 5.2.  FED. R.

Civ. P. 5.2(a) (requiring redaction of, among other things, an individual's last four digits of social-security numbers and birth year).

IT IS THEREFORE ORDERED that Plaintiffs' Sealed Exhibit 2, *doc. 127*, shall be unsealed.

IT IS FURTHER ORDERED that Plaintiffs' EEOC Intake Questionnaire, *doc. 126*, and EEOC Charge of Discrimination, *docs. 106, 118*, shall be redacted and re-filed as unsealed exhibits. The Court attaches redacted copies of these two filings to this Order.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE