IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICK J. SEEBERGER and SUSAN SEEBERGER,
*doing business as* BUILD A STRONG FUTURE,

    Plaintiffs,

v.                                      Case No. 2:14-cv-1063-GBW-WPL

PETER POWERS GOODMAN, *et al.*,

    Defendants.

## ORDER DENYING DEFENDANTS' JOINT MOTION TO AMEND FINAL ORDER

    This matter comes before the Court on Defendants' Joint Motion to Amend Final Order. *Doc. 138*. Defendants' collectively request that the Court amend the Final Order (*doc. 137*) to reflect that only Plaintiffs' Title VII claim against Dona Ana County and the counterclaims against Plaintiff are dismissed without prejudice, and that all of the other claims are dismissed with prejudice. *Doc. 138* at 3.

    Rule 41 provides, "*Unless the dismissal order states otherwise*, a dismissal . . . except one for lack of jurisdiction . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b) (emphasis added). Defendants' note that "[t]he Tenth Circuit has held that '[a] dismissal with prejudices is appropriate where the complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.'" *Doc. 138* at 2 (quoting *Bereton v. Bountiful*

*City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).  However, in stating the general proposition above, the court in *Bereton* relied on *Grossman v. Novell, Inc.*, in which the court upheld dismissal with prejudice only after the plaintiff "ha[d] failed to show [the Tenth Circuit] that *any* amendment would cure the deficiencies [it] identified."  120 F.3d 1112, 1126 (10th Cir. 1997) (emphasis added).  Here, although Plaintiffs' amended complaint did not cure the deficiencies in the original complaint, Defendants failed to even attempt to analyze each of Plaintiffs' claims with an eye to persuading the Court that *no* amendment could cure the identified deficiencies.  As such, Defendants have failed to demonstrate that the Court should alter its Final Order, which dismisses all of the claims without prejudice, so that most of Plaintiffs' claims are dismissed with prejudice.

   IT IS THEREFORE ORDERED that Defendants' Joint Motion to Amend Final Order (*doc. 138*) is denied.

   **IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**