IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICK J. SEEBERGER and SUSAN SEEBERGER,
*doing business as* BUILD A STRONG FUTURE,

    Plaintiffs,

v.                                            Case No. 2:14-cv-1063-GBW-WPL

PETER POWERS GOODMAN, *et al.*,

    Defendants.

## ORDER DENYING MOTION FOR EXTENSION

    This matter comes before the Court on Plaintiffs' Motion for Extension of Time to Address Court Order and File Responsive Pleadings.  *Doc. 145*.  Plaintiff's request until November 15, 2015, to "file their responsive pleadings" to the following:

    (1) The Court's Order to Redact and Unseal records (*doc. 133*);
    (2) The Court's Memorandum Opinion and Order (*doc. 136*) and the accompanying Final Order (*doc. 137*);
    (3) Defendants' Join Motion to Amend the Final Order (*doc. 138*); and
    (4) Defendants' Motion for Attorney Fees (*doc. 142*).

*Doc. 145* at 2-3.  For the reasons set forth below, the Court will deny the motion.

    First, no responsive pleadings are required for the Court's Order to Redact and Unseal Records so Plaintiff's request for an extension to do so is denied.

    Second, the Court reads Plaintiff's request for an extension to respond to the Court's

Memorandum Opinion and Order (*doc. 136*) and Final Order (*doc. 137*) as a request for an extension of time to file an appeal.  At the outset, the Court notes that Plaintiff's request for eighty day extension cannot be granted.  Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.").

Under the applicable rules, a shorter extension may be granted if the moving party "shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(ii).  Plaintiffs' sole proffered reason for requesting an extension is to give them "time to evaluate employing an attorney to address the Orders and Pleadings mentioned above and whether Plaintiffs will appeal the Final Order."  *Doc. 145* at 2.  Plaintiffs have failed to explain why, after vigorously prosecuting this case *pro se*, they are only now "evaluat[ing]" whether to retain counsel.  Their motion falls far short of establishing good cause for an extension.  *See, e.g.*, *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) ("[c]ounsel's need to review the record, consult with the client, and . . . to obtain an additional legal perspective" does not constitute excusable neglect or good cause because these are "typical prefatory steps common to the appeal process.").

Third, pursuant to an Order entered concurrently herewith, the Court has denied Defendants' Joint Motion to Amend the Final Order (*doc. 138*) so Plaintiffs' motion for an extension to respond to that motion is moot.

Fourth, Defendants' Motion for Attorney Fees is predicated on the Court's finding that Plaintiff Rick Seeberger indeed submitted a fraudulently altered document. If the Court makes no such finding, Plaintiffs' would not need to respond. As such, the Court will deny Plaintiffs' request for an extension at this juncture. However, should the Court find that Plaintiff Rick Seeberger improperly submitted an altered document, the Court will permit Plaintiffs time to respond to Defendants' Motion for Attorney Fees. The response will be limited to the appropriateness of the requested sanction in that motion and the reasonableness of the requested fees.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Extension of Time to Address Court Order and File Responsive Pleadings (*doc. 145*) is denied.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**